UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.S., <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, Secretary of U.S. Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, JAIME RIOS, Field Office Director, U.S. Immigration and Customs Enforcement, and WARDEN, Desert View Annex, <br><br> Respondents. | Case No. 5:26-cv-00549-JWH-RAO <br><br> **ORDER DENYING PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE REGARDING DISMISSAL OF THE PETITION** |

Before the Court is its Order to Show Cause regarding why the Court should not issue a preliminary injunction.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers pertaining to this matter,[2] the Court **DISCHARGES** the Order to Show Cause re preliminary injunction, **DENIES as moot** the request of Petitioner G.S. for a preliminary injunction, and **ORDERS** G.S. to **SHOW CAUSE** why the Court should not dismiss the Petition as moot.

## I. BACKGROUND

On February 6, 2026, G.S. filed both his Petition and Application for a TRO. In his Application, G.S. sought the following relief:

- enjoining Respondents from moving him from this Court's jurisdiction;
- enjoining Respondents from continued to incarcerate G.S.;
- ordering Respondents to release him immediately;
- alternatively, ordering a bond hearing before a neutral arbiter within three days of the Order, in which the burden is on the Government to prove that G.S. is a flight risk or danger to the community;
- enjoining Respondents from confiscating and keeping G.S.'s documents and possessions, including his passport, driver's license, EAD, mobile phone, and any other items belonging to G.S., in order to return him to the status quo prior to Respondents' illegal re-detention;

---

[1] Order Granting Petitioner's *Ex Parte* Appl. for a Temporary Restraining Order (the "OSC re Preliminary Injunction") [ECF No. 12].

[2] The Court considered the documents of record in this action, including the following papers: (1) Pl.-Pet.'s *Ex Parte* Appl. for a TRO (the "Application") [ECF No. 3]; (2) Pl.-Pet.'s Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1]; (3) Resps.-Defs.' Response to OSC re Preliminary Injunction (the "OSC Response") [ECF No. 13]; and (4) Pl.-Pet.'s Reply to the OSC Response (the "OSC Reply") [ECF No. 14].

- enjoining Respondents from placing additional impositions on G.S.'s liberty, such as electronic monitoring or excessive check-ins without proper pre-deprivation hearing and a showing of flight risk or danger to the community; and
- enjoining Respondents from re-detaining G.S. without providing at least seven-days' notice and a pre-deprivation bond hearing before a neutral arbiter for which G.S.'s eligibility for bond must be considered, with the burden on the Government to determine flight risk and danger to the community.

On February 13, 2026, the Court issued an order granting G.S.'s Application for a TRO.[3] In its Order granting the Application, the Court temporarily enjoined respondents from continuing to detain G.S. and directed Respondents to release him forthwith under the terms and conditions of his existing release, as if G.S. had not been detained. The Court specified that its order did not provide G.S. with blanket immunity from future removal, but that any future enforcement actions after release must comply with the required procedures. Finally, the Court ordered Respondents to show cause why a preliminary injunction should not issue.

In their response to the OSC re Preliminary Injunction, Respondents represent that G.S. was released from Immigration and Customs Enforcement ("ICE") custody on February 13, 2026—the same day that the Court granted G.S.'s Application.[4] Respondents argue that that action moots G.S.'s preliminary injunction and Petition because he has received the relief that he seeks, and there is no further relief that this Court can provide.[5] G.S. replies

---

[3] *See generally* OSC re Preliminary Injunction.
[4] OSC Response 1:1-3.
[5] *See generally id.*

that neither the Petition nor the request for a preliminary injunction is moot because G.S. remains "in custody" and because Respondents have made no representation that they will not re-arrest and re-detain G.S. if the Petition is deemed moot.[6]

## II. LEGAL STANDARD

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when the plaintiffs were already granted the relief that they sought). Further, a court has an obligation to consider mootness *sua sponte*, and it should deny the requested relief when it is superfluous. *See In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005).

## III. ANALYSIS

G.S. requested *ex parte* relief in the form of immediate release from custody, which he received on February 13, 2026. The Court understands and empathizes with G.S.'s concerns regarding re-detention without Due Process, but those concerns are too speculative to overcome the mootness of his request for a preliminary injunction. *See Hernandez Trujillo v. Janecka*, 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026).

Furthermore, even if a preliminary injunction were to issue, G.S. would not be protected from re-detention. As the Court noted in its Order Granting G.S.'s Application for a TRO, "[t]his Order does not provide G.S. with blanket immunity from future detention."[7] If immigration officials re-detain G.S. without Due Process, then he may seek appropriate relief from the Court.

---

[6]   *See generally* OSC Reply.

[7]   OSC re Preliminary Injunction 9:11-12.

However, at this stage, the Court concludes that the need for a preliminary injunction is moot.

In view of the mootness of G.S.'s preliminary injunction request and his release from custody, the Court **ORDERS** G.S. to **SHOW CAUSE** why the Petition should not be dismissed as moot.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Order to Show Cause why the Court should not issue a preliminary injunction is **DISCHARGED**.

2. G.S.'s Application for a preliminary injunction is **DENIED as moot**.

3. G.S. is **ORDERED** to **SHOW CAUSE** in writing by March 13, 2026, why the Court should not dismiss the entire case as moot.

4. Respondents are **GRANTED** leave to file no later than March 20, 2026, an optional reply to the Order to Show Cause re dismissal.

5. A hearing on the Order to Show Cause is **SET** for April 3, 2026, at 11:00 a.m.  Counsel of record for the parties are **DIRECTED** to appear in person at that date and time in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: February 26, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE